Aloysius Dennis Blackcrow
106 4th Ave East
Polson MT. 59860

IN THE UNITED STATES DISTRICT COURT, DISTRICT OF MONTANA, MISSOULA DIV.

Aloysius Dennis Blackcrow
                PLAINTIFF,

V.

Lake County, Mayor Paul Briney; Commissioner William Barron; Commissioner Gale Decker; Commissioner Steve Stanley; Sheriff Don Bell; Undersheriff Ben Woods; Jail Staff; Judge Deborah Kim Christopher; Judge James Manley; Lake County Attorney Steven N. Eschenbacher; Deputy County Attorney Benjamin R. Ancioux; James Lapotka, Molly Owen, Public Defender Robert S. Long,
                DEFENDANTS.

CAUSE No. CV21-97-M-DLC-KLD

Amended Complaint,
Jury Trial Demanded

OCT 22 2021
Clerk, U.S. Courts
District of Montana
Missoula Division

---

Aloysius Dennis Blackcrow was and is confined at the Lake County Jail, located at 106 4th Ave. East, in the city of Polson, State of Montana from July 5th, 2021, to present.

Defendant Paul Briney, was at all relevant times herein Mayor of the city of Polson.

Defendant Commissioner William Barron, Commissioner Gale Decker, Commissioner Steve Stanley, was at all times relevant herein the Commissioners of Adult Services for the city of Polson, with responsibility for operating and maintaining detention, penal and corrective institutions within the city of Polson including the County Jail. (And as Individuals)

Defendant Sheriff Don Bell is and was at all times relevant herein the Sheriff, Superintendent of the County Jail for the city of Polson. As Sheriff of the County Jail, Defendant manages its day to day operations and executes its policies.

Defendant Deborah Kim Christopher, a District Court Judge, and as a Individual, is and was at all Relevant Times Herein an employee of the County.

Defendant James Manley, a District Court Judge, and as a Individual, is and was at all Relevant Times Herein an employee of the County.

Defendant Steven N. Eschenbacher, Lake County Attorney, and as a Individual, is and was at all Relevant Times Herein an employee of the County.

Defendant Benjamin R. Ancioux, Deputy Lake County Attorney, and as a Individual, is and was at all Relevant Times Herein an employee of the County.

Defendant James Lapotka, Deputy Lake County Attorney, and as a Individual, is and was at all Relevant Times Herein an employee of the County.

Defendant Molly Owen, Deputy Lake County Attorney, and as a Individual, is and was at all Relevant Times Herein an employee of the County.

Defendant, Robert T. Long, Lake County Public Defender, and as a Individual, is and was at all Relevant Times Herein an employee of the County.

Defendant Undersheriff Ben Woods, is and was at all Times Relevant Herein, the Undersheriff, Superintendent of the County Jail for the City of Polson, as Undersheriff of the County Jail, Defendant manages its day to day operations and executes its Policies.

Defendant Jail Staff, is and was at all Times Relevant Herein employees of the County Jail, who's duties are to

oversee the day to day operations, and execute it's policies.

Defendant City of Polson, is and was at all relevant times herein a municipal corporation of the State of Montana.

All of the above named defendants I am naming in their official capacity, and as individuals, for the purpose of of this complaint.

This action arises under and is brought pursuant to 42 U.S.C. Section 1983 to remedy the deprivation under color of state law of rights guaranteed by the Eighth and Fourteenth Amendments to the United States Constitution. This Court has jurisdiction over this action pursuant to 28 U.S.C. Sections 1331, and 1343.

Plaintiff, Aloysius Dennis Blackcrows claims for injunctive relief are authorized by Rule 65 of the Federal Rules of Civil Procedure. This cause of action arose in the District of Montana, Missoula Division. Therefore venue is proper under 28 U.S.C. Section 1391(B.)

The Plaintiff has no other lawsuits dealing with the same facts involved in this action or otherwise relating to the imprisonment.

The Plaintiff has exhausted all available administrative remedies within the Lake County Jail. Grievances have been filed on several occasions, most have not been responded to. Nothing has been responded to when it comes to questions about conditions of confinement, A.D.A. standards, financial audits, or building inspections.

At all relevant times herein defendants were "persons", for the purpose of 42 U.S.C. Section 1983 and acted under color of law to deprive Plaintiff of his constitutional rights, as set forth more fully below.

A civil claim was filed against Lake County in 1995 by Harry Lozeau, Douglas Matt, Angela Hawkins, Reynaldo Thompson, and Wayne Brown. A order and judgment was issued on October 11, 1996, upon joint request of the parties for the approval and entry of a consent decree in the following form, having reviewed the parties agreement and finding that it represents a fair and reasonable resolution of the issues pending among them hereby approves the following consent decree, order and judgment and directs the entry thereof as follows:
This consent decree shall be ongoing in nature, and continue in full force and effect to legally bind the parties from the date it is approved by the court, regardless of whether any of the named plaintiffs resides in the detention center at any given time. All future and current inmates of the detention center are intended beneficiaries of this consent decree, with full rights to petition to enforce its terms. In entering into this decree, defendants acknowledge that they have carefully considered (A) the cost of implementing this decree, and (B) the anticipated needs of Lake County in the future for jail space.
A contempt was filed against the Lake County Jail in 1997, and again in 1999, for not complying with the consent and decree from 1996. It is now October of 2021, I, Aloysius Dennis Blackcrow the plaintiff in this cause, was here in 1996. I realize the Lozeau case was dismissed due to a agreement with the defendants in that case. I am merely referring to that case to illustrate properly the misconduct the now defendants are still participating in. The Lake County Jail facility is still not up to jail standards, there is still inadequate space within the blocks, overcrowding is still a issue. Inadequate practice of religion, there are no Native American religious activities, which is surprising because this is a Native American Indian reservation. There are no legal law library access, no Lexis Nexus access (inadequate law library), inadequate unsanitary conditions within the cell blocks, there is black mold growing out of the floors, the vents

are crowded with mold, dust and debris. Inadequate Fire Safety measures, Inadequate care for inmates with disabilities. There are no A.D.A. cells. No safety bars to shower with, or to even use the rest room. Inadequate medical care. The first thing the jail does is remove any medications disabled inmates need. Medical staff are allowing non medically trained jail staff dictate how they treat us. Inadequate classification, non violent inmates are being housed with violent inmates and being assaulted. Inadequate attorney visits, there is no attorney room to visit in.

The petitioner Aloysius Dennis Blackcrow is considered disabled, and is forced to live under these inadequate conditions of the Lake County Jail Facility. I have a very bad back injury that requires me to wear a back brace, I've not been allowed to wear it since my incarceration here. I am also partially deaf and have no device to help me hear.

In 1996 Approximately $2,722,000 was assigned to the Lake County jail to improve the conditions, (that's a conservative estimate) Where has that money been spent? Certainly not on the conditions. The facility is worse now than it was in 1996, nothing has been improved. A Idependant Audit needs to take place, A Indipendant Building Inspector needs to look at the building (jail) and condamn it once and for all.

Prayer for Relief

For the Plaintiff's mental anguish, emotional distress, physical pain, prejudice from the conditions of the jail facility, the Plaintiff is asking for damages in the amount of $1,500 for every day he spent at the Lake County Jail, And for Puntitive damages the Plaintiff is asking for $1,500,000. For a Indipendant Audit of Lake County Commissioners, where the money was spent that was assigned to improving conditions. A Indipendant Building Inspector to examine the Lake County Jail Facility to condamn the building once and for all.

## Certificate of Service

This is to certify that a true original Amended Complaint has been sent to the Clerk of Court, District of Montana Missoula Division, Cause No. CV-21-97-M-DLC-KLD.

Dated this 20th day of October, 2021

(Pro Se) *Aloysius D. Blackcrow*

Aloysius D. Blackcrow