Timothy M. Bechtold
BECHTOLD LAW FIRM, PLLC
P.O. Box 7051
Missoula, MT 59807
406-721-1435
tim@bechtoldlaw.net

Constance Van Kley
Rylee Sommers-Flanagan
UPPER SEVEN LAW
P.O. Box 31
Helena, MT 59624
406-306-0330
constance@uppersevenlaw.com
rylee@uppersevenlaw.com

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | | |
|---|---|---|
| ALOYSIUS D. BLACK CROW, | ) | CV 21-97-M-DWM |
| | ) | |
| Plaintiff, | ) | CV 22-127-M-DWM |
| | ) | |
| v. | ) | **FIRST AMENDED** |
| | ) | **COMPLAINT** |
| LAKE COUNTY, MONTANA; | ) | |
| SHERIFF DON BELL; and DOES | ) | |
| 1–10, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| _____ | ) | |

Pursuant to the Court's Order of October 3, 2022, in the matter titled *In re Conditions at Lake County Jail*, CV 22-127-M-DWM (Doc. 43), counsel files this Amended Complaint, differentiating between Plaintiff's consolidated claims and individual claims.

## Jurisdiction & Parties

1.    This Court has jurisdiction over Plaintiff's federal claims pursuant to 28 USC §1343(a)(3), and pendent jurisdiction over Plaintiff's state claims.

2.    Plaintiff is an adult citizen of the United States who was confined in the Lake County Jail in 2021 and 2022.

3.    Defendant Lake County is the political subdivision of the State of Montana that owns and operates the jail.

4.    Defendant Donald Bell is the Lake County Sheriff, and is responsible by law for the management and control of the jail, and the custody and care of the inmates confined in the jail.

5.    Defendants Does 1–10 are individuals whose true identities and capacities are as yet unknown to Plaintiff and his counsel, despite diligent inquiry and investigation, and who acted herein as described more particularly below in connection with the breaches of duties and/or

violations of law alleged here and who in some manner or form not currently discovered or known to Plaintiff may have contributed to or be responsible for the injuries alleged here. The true names and capacities of the Doe Defendants will be substituted as they become known.

6.     Defendant Bell and Defendants Does 1–10 acted under color of state law at all times relevant to Plaintiff's individual claim for relief.

### Allegations & Claims Shared with
### Other Members of the Consolidated Class

7.     During his term of confinement at the Lake County Jail, Plaintiff suffered from the unsafe and unsanitary conditions of confinement detailed in the Consolidated Complaint filed in *In re Conditions at Lake County Jail*, CV 22-127-M-DWM.

8.     During his term of confinement at the Lake County Jail, Plaintiff was denied access to Native American religious practices, as detailed in the Consolidated Complaint filed in *In re Conditions at Lake County Jail*, CV 22-127-M-DWM.

9.     Plaintiff alleges Counts 1, 2, and 4, as identified in *In re Conditions at Lake County Jail*, CV 22-127-M-DWM.

### Individual Allegations & Claim for Relief

10.     Plaintiff brings claims alleging violations of his rights under the First and Fourteenth Amendments.

11.     Plaintiff alleges that he was treated unfairly by the criminal justice system in Lake County because he turned down plea agreement offers and went to trial.

12.     The Lake County judicial system is corrupt in its handling of criminal cases.

13.     Once a person is arrested for a crime, the Lake County Attorney's Office make fast plea agreement offers, often without even knowing the facts of the case.

14.     Most of the time, these plea agreement offers are offensive.

15.     If defendants do not accept the offensive plea agreement offers, and choose to go to trial and are found guilty, defendants are sentenced to more time than if they had accepted the proffered plea agreement.

16.     Defendants are sentenced to more time simply for choosing to exercise their constitutional rights and go to trial.

17.     It is a violation of the Fourteenth Amendment for defendants to receive disparate sentences and more incarceration time simply because

they choose to exercise their rights to have their case heard before a jury of their peers.

18.   It is a violation of the First Amendment for defendants to be punished with more incarceration time for simply speaking their minds.

19.   Lake County's practice of failing to offer reasonable bail commensurate with defendants' incomes to non-violent offenders has caused overcrowding in the jail.

20.   Lake County's practice of failing to offer reasonable bail commensurate with defendants' incomes to non-violent offenders violates their Fourteenth Amendment rights to equal protection and due process of law.

21.   Plaintiff filed grievances for these issues and has exhausted the grievance process.

22.   Plaintiff seeks relief under 42 USC § 1983.

## Prayer for Relief

For all of the above-stated reasons, Plaintiffs and Class Members request that this Court award the following relief:

1. Issue final declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202, declaring that Defendants have violated Plaintiff's rights secured by the constitutions and laws of the United States;

2. Award damages in a reasonable amount to compensate Plaintiff fully for deprivation of his constitutional rights;

3. Award damages in a reasonable amount to compensate Plaintiff fully for all injuries;

4. Award Plaintiff his reasonable attorney's fees and costs pursuant to 42 U.S.C. § 1988.

### Jury Demand

Plaintiff demands a jury trial on all issues so triable.

Dated October 31, 2022

/s/Timothy M. Bechtold
BECHTOLD LAW FIRM

/s/Constance Van Kley
UPPER SEVEN LAW

Attorneys for Plaintiffs